## IN THE CIRCUIT COURT FOR HARFORD COUNTY

| | | |
|---|---|---|
| JANA SHAFFER<br>221 Laurentum Parkway<br>Abingdon, Maryland 21009 | *<br>*| |
| *Plaintiff,* | * | Civil Action No. |
| v. | * | |
| BURGERS OF BALTIMORE, L.L.C<br>811 KENSINGTON FARM COURT<br>Forest Hill, MD 21050 | *<br>* | C-12-CV-20-000900 |
| *Serve Resident Agent*<br>COLLEEN HELMLINGER<br>SNEE, LUTCHE, HELMINGER &<br>SPIELBERGER, P.A.<br>112 S. MAIN STREET<br>Bel Air, MD 21014 | *<br>*<br>*<br>* | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### **COMPLAINT AND JURY DEMAND**

Plaintiff, Jana Shaffer, by and through counsel, Joseph B. Wolf, Misty M. Henline and Luchansky Law, files this Complaint and Jury Demand against Defendant, Burgers of Baltimore, L.L.C. (hereinafter "Defendant").

### INTRODUCTION

1. In this action, Plaintiff seeks back pay, lost wages, liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest arising from Defendant's willful failure to restore Plaintiff to her prior position and Defendant's willful denial to accommodate Plaintiff's reasonable request for accommodation in the course of her employment with Defendant. The Defendant's actions constitute violations of the Families First Coronavirus

1

Response Act, Pub. L. 116- 127, (the "FFCRA") and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* (the "FMLA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims presented herein pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501 and pursuant to 29 U.S.C. § 2617 (a)(2).

3. This Court has personal jurisdiction over Defendant pursuant to Md. Code Ann., Crts. & Jud. Proc., § 6-103(b).

4. Venue is appropriate in Harford County pursuant to Md. Code Ann., Cts. & Jud. Proc., § 6-201(a) because Defendant regularly conducts business in Harford County.

## PARTIES

### A. Plaintiff

5. Jana Shaffer is a resident of Harford County, Maryland and, at all times relevant hereto, was an employee of Defendant.

### B. Defendant

6. Defendant is a Maryland limited liability company that maintains multiple franchises throughout the state, including at least one location in Harford County, Maryland.

7. Defendant meets the definition of "employer" under 29 U.S.C. § 2620 (a)(1)(B), as it is engaged in commerce or in an industry or activity affecting commerce and has fewer than 500 employees.

8. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, agents, managers, or employees, including, but not limited to, Gary Edwards, committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or

2

approval of Defendant or was done in the routine and normal course and scope of employment of Defendants' officers, directors, agents, managers, or employees.

## FACTS

9. Defendant owns franchises that provide fast-food in the quick-service restaurant industry.

10. As of April 2020, Plaintiff had been employed by Defendant as an assistant general manager for 5 years at the Northeast, Maryland location after having been employed by Defendant at various times and in various capacities since 1997.

11. While employed as an assistant general manager by Defendant, Plaintiff generally worked over 45 hours per week.

12. Plaintiff's job responsibilities included supervising other employees, assisting the general manager, working with customers, cleaning the premises, and food preparation.

13. Plaintiff's job performance was more than satisfactory during her employment.

14. On March 23, 2020, Plaintiff's eleven-year-old daughter developed a fever.

15. At this point in time under the existing guidance, Plaintiff's daughter did not meet the criteria for COVID-19 testing.

16. On March 24, 2020, Plaintiff's daughter's physician recommended that Plaintiff and her entire family quarantine for two weeks. Gary Edwards, Defendant's principal, insisted that Plaintiff do so.

17. On April 1, 2020, the effective date of the FFCRA, and while Plaintiff was still in quarantine at the recommendation of her daughter's physician, Maria Edwards, an employee of Defendant, informed Plaintiff that she was being laid off by Defendant.

18. Ms. Edwards encouraged Plaintiff to file for unemployment benefits.

19. Plaintiff had begun the process of applying for short-term disability but decided to withdraw her application based on Maria Edwards' recommendation that Plaintiff apply for unemployment.

20. On or about April 17, 2020, Plaintiff received an email from Gary Edwards notifying Plaintiff that, upon her return to work, she would be assigned to three different locations each week, none of which was the Northeast location at which she had been working prior to taking her FFCRA leave.

21. In addition, her schedule on each of the five days she was offered was different each day and also different from her previous work schedule on those days. The new schedule was not viable due to Plaintiff's childcare responsibilities.

22. Also, by April 17, 2020, Plaintiff's daughter's school had closed due to the pandemic and Plaintiff was responsible for caring for her daughter because her husband was working more shifts at his job because Plaintiff had been laid off.

23. On April 18, 2020, Plaintiff brought the fact that the Extended Family Medical Leave Act under the FFCRA applied to her situation to Defendant's attention in an email.

24. As a result of her email, Defendant agreed to provide Plaintiff with extended family leave under the FFCRA going forward.

25. Defendant did not pay Plaintiff for the period between April 1, 2020 and April 18, 2020 despite the fact that she was entitled to payment pursuant to the FFCRA.

26. In an April 26, 2020 email, Plaintiff and Defendant memorialized their agreement that Plaintiff would utilize paid time off for two weeks and then ten weeks of leave under the Extended Family and Medical Leave Act at two-thirds of her usual pay.

27. The twelve combined weeks of PTO and FFCRA paid leave expired on or about July 11, 2020 after which Plaintiff was supposed to return to work.

28. Defendant would only allow Plaintiff to return to work if she was willing to work at the Essex, Maryland location, where she had never worked previously. The only schedule offered by Defendant was be 1:00 p.m. to close five days per week, which often would be late at night. This schedule was markedly different from the schedule she had been working before going out on leave which did not include any days ending later than 6:00 p.m.

29. Moreover, at the Essex location, Plaintiff would have less authority because of the number of employees with equal or greater seniority to hers.

30. Defendant also stated that any chance Plaintiff had to return to her position at the Northeast location would depend in significant part on her proving herself at the Essex location (where she would be working among a group of multiple other assistant general managers). This was despite the fact that Plaintiff had already proven herself capable of performing Assistant Manager duties over a period of five years at the Northeast location.

31. Defendant could easily have permitted her to return to her position at the Northeast location because the person who had filled in for her at the Northeast location was unhappy there and preferred to work at the Essex location.

32. Plaintiff could have returned to her position at Northeast and the other employee could have returned to Essex. Instead, Defendant refused to restore her to the position she had been in before she took leave or provide her with a reasonably similar position.

33. In addition to the issues created by the schedule change and the loss of seniority/authority described above, Plaintiff was anxious about starting at a new location with

5

which she was not familiar and working with people she did not know all while adapting to the new pandemic-related risks, restrictions and precautions.

34. Due to her anxiety issues, Plaintiff was unable to report to the Essex location on July 13, 2020 and explained her concerns to Gary Edwards, Defendant's owner, including the fact that she was being seen by a doctor for anxiety related to her potential transfer to the Essex location.

35. Between July 13 and July 17, 2020, Plaintiff and Mr. Edwards exchanged emails regarding Plaintiff's condition and Mr. Edwards' insistence that Plaintiff had no choice but to report to the Essex location.

36. Defendant did not provide any reasonable explanation as to why she could not return to the position at the Northeast location that she held when she went out on leave.

37. Instead of restoring Plaintiff to the position she held before going out on leave, Defendant chose to terminate Plaintiff and unilaterally designate her a "voluntary quit".

38. Plaintiff is currently employed on a part time basis and has been seeking full-time employment since her termination by Defendant.

## COUNT I
### Families First Coronavirus Response Act
### Emergency Family and Medical Leave Expansion Act
### Public Law 116-127

39. Plaintiff hereby incorporates all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

40. On April 1, 2020, the FFCRA went into effect which included the Emergency Family and Medical Leave Expansion Act. This Act amended the FMLA by adding

29 U.S.C. § 2620 which pertains to family leave because of a qualifying need related to a public health emergency.

41. During her employment with Defendant, Plaintiff was an "eligible employee" pursuant to 29 U.S.C. § 2620 (a)(1)(A)(i) of the FMLA because she was employed for at least 30 calendar days by the employer.

42. Defendant meets the threshold for an "employee" under the statute because it employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current of preceding calendar year. *Id.* at (a)(1)(B).

43. Plaintiff took leave under the Emergency Family and Medical Leave Expansion Act of the FFCRA due to concerns related to COVID-19 and her daughter's school closing. *Id.* at (b)(2).

44. Defendant is required to restore Plaintiff to the position held by the employee when the leave commenced. *Id.* at (d).

45. Defendant did not restore Plaintiff to the position held by Plaintiff when the leave commenced.

46. Plaintiff was qualified for her position and had performed her job duties effectively prior to the acts complained of herein.

47. Defendant's willful failure to return Plaintiff to her prior position violated the FFCRA. *Id.* at (d)(2).

48. Defendant's decision to fire Plaintiff occurred only after Plaintiff asked to be returned to her prior position and she expressed her mental health concerns about the position she was being offered.

49. Defendant's conduct constitutes unlawful retaliation under 29 U.S.C. 2615 (a)(1).

50.     Defendant conduct subjects it to the penalties described in the FMLA. 29 U.S.C. 2617 (a)(1).

51.     As the direct and proximate result of Defendants' violations of the FFCRA and FMLA, Plaintiff suffered significant damages.

52.     Pursuant to the FMLA, Defendant is liable to Plaintiff for all hours worked which were not compensated and for back wages, liquidated damages plus reasonable attorneys' fees, pre- and post- judgment interest, fees and costs. 29 U.S.C. 2617(a).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment awarding Plaintiff at least $75,000 including for:

    a.     Unpaid wages due under the FFCRA (including back pay, lost wages and employment benefits);

    b.     Liquidated damages equal to the sum of the unpaid wages described in paragraph a above;

    c.     Pre- and post-judgment interest;

    d.     Reasonable attorneys' fees and costs incurred in pursuing this action pursuant to Maryland Rule 2-703(b); and

    e.     Such other and further relief as this Court deems necessary and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated: December 29, 2020

Respectfully submitted,

_____
Joseph B. Wolf, Esq. (CPF No.: 506160004)
joseph@luchanskylaw.com
Misty M. Henline (CFP No.: 9912150033)
mhenline@luchanskylaw.com
LUCHANSKY LAW
606 Bosley Ave., Suite 3B
Towson, Maryland 21204
Telephone: (410) 522-1020
Facsimile: (410) 522-1021
*Attorneys for Plaintiff*